MORITZ, J., concurring. I agree with the majority that White is entitled to qualified immunity because the contours of the constitutional-right at issue aren’t clearly established. See Maj. Op. 1222-23. But unlike the majority, I would decline to address the constitutional question. Compare id. at 1214-22, with Kerns v. Bader, 663 F.3d 1173, 1180 (10th Cir. 2011) (stating that “courts should proceed directly to, ‘should address only,’ and should deny relief exclusively based on” plaintiffs failure to show that the law is clearly established where, e.g., “the . constitutional violation question ‘is so fact-bound' that the decision provides little guidance for future cases’ ” (first quoting Camreta v. Greene, 563 U.S. 692, 707, 131 S.Ct. 2020, 179 L.Ed.2d 1118 (2011); then quoting Pearson v. Callahan, 555 U.S. 223, 237, 129 S.Ct. 808, 172 L.Ed.2d 565 (2009))). Moreover, although I agree with the majority’s ultimate conclusion that all three defendants are entitled to summary judgment, see Maj. Op. 1223, I question whether the analytical approach the majority applies in reaching that conclusion is consistent with our case law. My questions arise, in large part, from the procedural posture of this appeal. We typically lack jurisdiction to review the denial of a motion for summary judgment. Cox v. Glanz, 800 F.3d 1231, 1242 (10th Cir. 2015). But “denial of qualified immunity to a public official ... is immediately appealable under the collateral order doctrine to the extent it involves abstract issues of law.” Fancher v. Barrientos, 723 F.3d 1191, 1198 (10th Cir. 2013). “Specifically, we have jurisdiction ‘to review “(1) whether the facts that the district court ruled a reasonable jury could find would suffice to show a legal violation, [and] (2) whether that law was clearly established at the time of the alleged violation.” ’ ” Cox, 800 F.3d at 1242 (quoting Roosevelt-Hennix v. Prickett, 717 F.3d 751, 753 (10th Cir. 2013)). Critically, in exercising that limited jurisdiction, we generally aren’t at liberty to undertake our own de novo review of the record evidence. Instead, “[t]he district court’s factual findings and reasonable assumptions comprise ‘the universe of facts upon which we base our legal review of whether defendants are entitled to qualified immunity.’” Id. (quoting Fogarty v. Gallegos, 523 F.3d 1147, 1154 (10th Cir. 2008)); see also Lewis v. Tripp, 604 F.3d 1221, 1225 (10th Cir. 2010) (“[I]f a district court concludes that a reasonable jury could find certain specified facts in favor of the plaintiff, ... we usually must take them as true—and do so even if our own de novo review of the record might suggest otherwise as a matter of law.”). In short, “ ‘whether or not the pretrial record sets forth a “genuine” issue of fact for trial’ is not an abstract legal question that we may , review” on interlocutory appeal. Cox, 800 F.3d at 1242 (quoting Johnson v. Jones, 515 U.S. 304, 320, 115 S.Ct. 2151, 132 L.Ed.2d 238 (1995)); see also Morris v. Noe, 672 F.3d 1185, 1189 (10th Cir. 2012). Indeed, the question of whether a genuine issue of material fact exists is largely irrelevant to the qualified-immunity analysis. Instead, that question arises if—and only if—the plaintiff first demonstrates the defendant’s alleged conduct violated clearly established law. See Nelson v. McMullen, 207 F.3d 1202, 1206 (10th Cir. 2000) (“If, and only if, the plaintiff [shows a violation of clearly established law] does a defendant then bear the ... burden of ... showing ‘that there are no genuine issues of material fact and that he or she is entitled to judgment as a matter of law.’” (quoting Albright v. Rodriguez, 51 F.3d 1531, 1535 (10th Cir. 1995))). Until a plaintiff makes that showing, “a federal court’s factual analysis relative to the qualified-immunity question” asks only “whether [the] plaintiffs factual allegations are sufficiently grounded in the record such that they may permissibly comprise the universe of facts that will serve as the foundation for answering the legal question before the court.” Cox, 800 F.3d at 1243 (quoting Thomson v. Salt Lake Cty., 584 F.3d 1304, 1326 (10th Cir. 2009) (Holmes, J., concurring)); see also id. (“[T]he objective” at that point “is not to determine whether a plaintiff survives summary judgment because plaintiffs evidence raises material issues that warrant resolution by a jury.” (alteration in original) (quoting Thomson, 584 F.3d at 1326 (Holmes, J., concurring))). The majority correctly articulates these standards. See Maj. Op. 1202-03 (noting that we must accept as true those facts that district court found and relied on in denying summary judgment; acknowledging that we can’t “consider whether the district court correctly identified the set of facts that the summary judgment record is sufficient to prove” (quoting Morris, 672 F.3d at 1189)); id. at 1203 (stating that question of whether genuine dispute of material fact exists doesn’t arise unless and until plaintiff first demonstrates that defendant violated clearly established constitutional right). But I’m not convinced that after articulating these standards, the majority applies them. For instance, I question whether the facts the majority relies on in evaluating the constitutional question are part of the “the universe of facts” as the district court found it to exist, or whether instead the majority has gleaned at least some of those facts from its own independent review of the record. Compare Cox, 800 F.3d at 1242 (explaining that we must decide the constitutional question based on “[t]he district court’s factual findings and reasonable assumptions,” as opposed to our own de novo review of the record), with, e.g., Maj. Op. 1211 (“Our review of the record on remand shows otherwise.”).[1] Likewise, I question whether the majority exceeds the bounds of this court’s jurisdiction by taking a position on what facts a reasonable jury might find or whether any genuine disputes of material fact might exist. Compare Cox, 800 F.3d at 1242 (“‘[W]hether or not the pretrial record sets forth a “genuine” issue of fact for trial’ is not an abstract legal question that we may review [on interlocutory appeal].” (quoting Jones, 515 U.S. at 320, 115 S.Ct. 2151)), with Maj. Op. at 1213 (“[A] reasonable jury could find that ... White participated in the events leading up to the armed confrontation and heard the other officers threaten the brothers by saying, ‘Come out or we’re coming in.’ ” (quoting Aplt. App. at 678)), id. at 1221 (“In our view, there is at least a fact question for the jury as to whether it was objectively reasonable for ... White to immediately assume that one of his fellow officers was shot after hearing two shots from the back of the house but nothing more to indicate that anyone had been hit.”), and id. at 1221 (“Thus, there are multiple issues of fact that must be resolved in order to determine ‘whether [Samuel Pauly] pose[d] an immediate threat to the safety of the officers or others,”’ (alterations in original) (quoting Graham v. Connor, 490 U.S. 386, 396, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989))). Finally, even assuming this court may take a position on whether such fact questions exist, I question whether it’s appropriate to do so in determining, for purposes of the qualified immunity analysis, whether the plaintiffs have demonstrated a constitutional violation. See, e.g., id. at 1222 (“Having held that the evidence is sufficient to raise a fact issue regarding the excessive force claim, we turn to whether the law was clearly established at the time of the violation...,”). Before the burden shifts to a defendant to demonstrate that no genuine issues of material fact exist, a plaintiff must first show both (1) a violation of (2) clearly established law. See Nelson, 207 F.3d at 1206. And here, the majority concludes that the plaintiffs fail to clear the second of these two hurdles. That is, the plaintiffs fail to demonstrate that the law is clearly established. See Maj. Op. 1221-23. Accordingly, the defendants are entitled to qualified immunity and the burden never shifts to them to show that no genuine issues of material fact exist. See Nelson, 207 F.3d at 1206; Cox, 800 F.3d at 1243 (explaining that the court’s objective isn’t to “determine whether a plaintiff survives summary judgment because plaintiffs evidence raises material issues that warrant resolution by a jury” (quoting Thomson, 584 F.3d at 1326 (Holmes, J., concurring))); United States ex rel. Burlbaw v. Orenduff, 548 F.3d 931, 940 n.6 (10th Cir. 2008) (“[T]he task of 'district courts, and consequently appellate courts, is different in reviewing motions for summary judgment under traditional standards and qualified immunity principles,” and “courts should exercise care not to confuse the two analytic frameworks.”). As a result, I see no need' to resolve whether such, fact questions exist. Nevertheless, despite my reservations about the majority’s analytical approach, I agree with its ultimate conclusion: even assuming that (1) all the facts the majority relies on belong to the “universe of facts upon,which we base our legal review of whether defendants are entitled, to qualified immunity,” Cox, 800 F.3d at 1242 (quoting Fogarty, 523 F.3d at 1154), and (2) under those facts, White violated Samuel Pauly’s constitutional right to be free from excessive force, no existing precedent “placets] the ... constitutional question beyond debate,” Maj. Op, 1222 (quoting Mullenix v. Luna, — U.S. —, 136 S.Ct. 305, 308, 193 L.Ed.2d 255 (2015)). Accordingly, White is entitled to qualified immunity.- Id. at 1222-23. And because White is entitled to qualified immunity, his conduct “cannot serve as the basis of liability for” Mariscal and Truesdale. Id. .Thus, all three defendants are entitled to summary judgment and we must reverse and remand with directions to enter judgment in their favor. Id. at 1223.